

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | JASON IMBIANO<br>Tel.: (212) 356-8766<br>jimbiano@law.nyc.gov |
|---|---|---|

April 19, 2024

**VIA ECF**
Hon. Jennifer E. Willis
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Andrea Phillips et al. v. N.Y.C. Dep't of Educ. et al.*, 23-cv-2140 (JPC)

Your Honor:

      I am an Assistant Corporation Counsel in the office of the Corporation Counsel, the Hon. Sylvia O. Hinds-Radix, attorney for Defendants New York City Department of Education (DOE) and David C. Banks in the above-referenced action, wherein nine (9) Plaintiffs seek implementation of orders pursuant to administrative proceedings under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq*. ("IDEA").

      I write jointly with Plaintiffs pursuant to the Court's April 16, 2024 Order (ECF No. 47), directing the Parties to provide a Case Management Plan ("CMP"), and to "submit a joint letter clarifying whether any discovery is required prior to briefing summary judgment motions." Accordingly, the Parties submit the attached CMP. Further, the Parties are in agreement that discovery is not warranted, and request that the Court order the following briefing schedule for their respective Motions for Summary Judgment:

- May 15, 2024: Motions for Summary Judgment;
- May 22, 2024: Responses;
- May 29, 2024: Replies.

Thank you for considering this submission.

                                  Respectfully submitted,

                                  /s/ *Jason Imbiano*
                                  Jason Imbiano
                                  Assistant Corporation Counsel

cc:    All Counsel (via ECF)

**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------- X
                                            :
**Andrea Phillips et al.,**                 :   CIVIL ACTION NO.:
                                            :   23-cv-2140
             Plaintiffs, :
                                            :
  against                               :
                                            :
                                            :
**N.Y.C. Dep't of Educ. et al.,**           :
                                            :
            Defendant.  :
                                            :
------------------------------------------- X

### PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING

**Court Expectations**

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Model Stipulation and Proposed Protective Order and Discussion Topics for Rule 26(f) Conference on Judge Willis's Individual Practices Page.

Counsel represent by their signature below that they have read and will comply with the above.

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Willis's Individual Rules, the parties met on April 19, 2024\_\_\_\_\_** (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

2. **Summary of Claims, Defenses, and Relevant Issues**

Plaintiff:
Each Student-Plaintiff in the instant action received a favorable administrative order under the IDEA, and is awarded funding for their private school at iBRAIN, including tuition and related services, special transportation, and nursing, where applicable. Defendants claim certain documentation is required per the orders. Plaintiffs claim that the Defendants are incorrect about their claim that the relevant orders provide for certain documentation for funding to be provided. Thus, the Plaintiffs argue that those issues are still ripe for review and require judicial intervention in the form of Motions for Summary Judgment.

Defendant:
Plaintiffs' remaining claims concern requests for reimbursement of tuition, transportation and/or nursing for nine students. The relevant orders demand that Plaintiffs provide certain documentation for reimbursement that has not yet been provided, and Plaintiffs' remaining claims are otherwise not ripe or moot.

3. **Basis of Subject Matter Jurisdiction:** _____

4. **Subjects on Which Discovery May Be Needed**

Plaintiff(s):

       N/A

Defendant(s):

       N/A

5. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Plaintiff(s)*** on N/A_____. In addition, on N/A_____, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Defendant(s)*** on N/A_____. In addition, on N/A_____, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

6. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

All fact discovery must be completed by N/A_____.

***The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.***

      a.     <u>Depositions</u>: Depositions shall be completed by N/A___ and limited to no more than N/A__ depositions per party.  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

      b.     <u>Interrogatories</u>:  Initial sets of interrogatories shall be served on or before N/A_____ .  All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

      c.     <u>Requests for Admission</u>:  Requests for admission must be served on or before __N/A_____.

      d.     <u>Requests for Production</u>:  Initial requests for production were/will be exchanged on N/A_____ and responses shall be due on _____.  All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

      e.     <u>Supplementation</u>:  Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

7.    **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes?  Does either party seek limitations on discovery?  Describe.

      N/A _____

_____

_____

8.    **Amendments to Pleadings**

      a.     Are there any amendments to pleadings anticipated? _____

      b.     Last date to amend the Complaint:  _____

9. **Joinder of Parties**

    a. Are there other necessary parties that need to be joined? Y/<mark>N</mark>

    b. Is joinder of other parties anticipated? _____

    c. Last date to join other parties: _____

10. **Expert Witness Disclosures**

At this time, the parties do/<mark>do not</mark> (circle one) anticipate utilizing experts. Expert discovery shall be completed by N/A_____.

11. **Electronic Discovery and Preservation of Documents and Information**

    a. Have the parties discussed electronic discovery?  N / A _____

    b. Is there an electronic discovery protocol in place?  If not, when do the parties expect to have one in place? N/A_____

    c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?
    N/A_____
    _____
    _____

    _____
    _____
    _____

12. **Anticipated Motions**

**Motions for Summary Judgment**_____
_____
_____

13. **Early Settlement or Resolution**

The parties have/<mark>have not</mark> (circle one) discussed the possibility of settlement.  The parties request a settlement conference by no later than N/A_____.

The following information is needed before settlement can be discussed:

N/A

14. **Trial**

   a. The parties anticipate that this case will be ready for trial by N/A.

   b. The parties anticipate that the trial of this case will require _____ days.

   c. The parties request a jury/bench (circle one) trial.

   d. The parties consent/<mark>do not</mark> consent (circle one) to Magistrate Judge jurisdiction at this time.

15. **Other Matters**

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c).  To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Willis's Individual Practices Webpage.**

Respectfully submitted this 19 day of April, 2024_____.

ATTORNEYS FOR PLAINTIFF(S):                    ATTORNEYS FOR DEFENDANT(S):

 /s/ Ataur Raquib                                               /s/ Jason Imbiano