UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                :
ANDREA PHILLIPS, *et al.*,                                      :
                                                                :
                                      Plaintiffs,               :
                                                                :
          -v-                                                   :          23 Civ. 2140 (JPC) (JW)
                                                                :
MELISSA AVILES-RAMOS and NEW YORK CITY                          :          <u>OPINION AND ORDER</u>
DEPARTMENT OF EDUCATION,                                        :          <u>ADOPTING REPORT AND</u>
                                                                :          <u>RECOMMENDATION IN</u>
                                      Defendants.               :          <u>PART</u>
                                                                :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       Parents of eleven students with disabilities bring this action—individually and on behalf of

their children—against the New York City Department of Education (the "DOE") and its

Chancellor in her official capacity[1] pursuant to the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, and 42 U.S.C. § 1983.  Plaintiffs seek implementation of

administrative orders that require the DOE to fund the costs of tuition and related services for their

children to attend a private school called the International Institute for the Brain, more commonly

referred to as "iBrain."  Plaintiffs and Defendants have each moved for summary judgment as to

disputes concerning the seven students remaining at this stage.[2]

       On February 7, 2025, the Honorable Jennifer E. Willis issued a Report and

Recommendation, in which she recommended that each motion be granted in part and denied in

---

[1] Melissa Aviles-Ramos, the current Chancellor of the DOE, is substituted as Defendant
for former Chancellor David C. Banks in accordance with Federal Rule of Civil Procedure 25(d).

[2] "Since the commencement of this action, DOE has fully paid the outstanding balances of
Student-Plaintiffs S.H., L.M., S.J.D., and E.P.  Therefore, claims are no longer being asserted on
behalf of those Students or their parents."  Dkt. 59 ("Pls. Mot.") at 5 n.1; *see also* Dkts. 26
(voluntary dismissal of claims related to E.P.), 30 (voluntary dismissal of claims related to L.M.).

part.  Plaintiffs and Defendants have both filed objections to the Report and Recommendation.
After reviewing those objections, and for the reasons discussed below, the Court overrules in part
and sustains in part Plaintiffs' objections and sustains Defendants' objections, and therefore adopts
the Report and Recommendation in part.

## I.  Background

**A.    Overview of the IDEA**

Congress enacted the IDEA with the purpose of "ensur[ing] that all children with
disabilities have available to them a free appropriate public education [('FAPE')] that emphasizes
special education and related services designed to meet their unique needs and prepare them for
further education, employment, and independent living."  20 U.S.C. § 1400(d)(1)(A).  To achieve
this end, the IDEA requires state or local education agencies to provide each student with a
disability an individualized education program ("IEP") specifying the student's educational needs.
*Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 448 (2d Cir. 2015) (citing *Sch. Comm. of Town of
Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 368 (1985)).  New York law charges
local Committees on Special Education ("CSE") with developing an IEP for a child with a
disability.  N.Y. Educ. Law § 4402(1)(b)(1); *see also R.E. ex rel. J.E. v. N.Y.C. Dep't of Educ.*,
694 F.3d 167, 175 (2d Cir. 2012).  The CSE must consist of, among others, the student's parents,
the student's regular or special education teacher, a school psychologist, and a district
representative "qualified to provide or administer or supervise special education
and . . . knowledgeable about the general curriculum and the availability of resources of the school
district."  N.Y. Educ. Law § 4402(1)(b)(1)(a).  Although the IEP need not "provide[] everything
that might be thought desirable by loving parents," *Walczak v. Fla. Union Free Sch. Dist.*, 142
F.3d 119, 132 (2d Cir. 1998) (internal quotation marks omitted), it must be "reasonably calculated

to enable a child to make progress appropriate in light of the child's circumstances," *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 399 (2017).

"A child's IEP is based in significant part on the results of statutorily mandated evaluations of the child." *D.S. ex rel. M.S. v. Trumbull Bd. of Educ.*, 975 F.3d 152, 157 (2d Cir. 2020) (citing 20 U.S.C. § 1414(b)(2)(A)(ii), (c)(1)-(2), (d)(3)(A), (d)(4)(A)). First, a child suspected of having a disability must receive a "full and individual initial evaluation" to determine the existence and extent of any disability and whether the child is, as a result, entitled to special education and related services under the IDEA. 20 U.S.C. § 1414(a)(1). Then, a child is entitled to a reevaluation at least once every three years (referred to as a triennial reevaluation) for the purpose of updating the IEP. *Id.* § 1414(a)(2)(B)(ii), (d)(4)(A).

"Congress repeatedly emphasized throughout the [IDEA] the importance and indeed the necessity of parental participation in both the development of the IEP and any subsequent assessments of its effectiveness." *Honig v. Doe*, 484 U.S. 305, 311 (1988) (citing 20 U.S.C. §§ 1400(c), 1401(19), 1412(7), 1415(b)(1)(A), (C), (D), (E), 1415(b)(2)). Accordingly, "the [IDEA] establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decisions they think inappropriate." *Id.* at 311-12; *see* 20 U.S.C. § 1415(a) (requiring state education agencies to "establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a [FAPE]").

As one such safeguard, the parent of a child with a disability has an absolute right to obtain at their own expense an independent educational evaluation ("IEE") of the child, 34 C.F.R. § 300.502(a)(1), and the school must consider the results of that IEE "in any decision made with

respect to the provision of FAPE to the child," *id.* § 300.502(c)(1).  An IEE is defined in the IDEA's implementing regulations as "an evaluation conducted by a qualified examiner who is not employed by the public agency responsible for the education of the child in question."  *Id.* § 300.502(a)(3)(i).  The parent also may request an IEE at public expense if the parent disagrees with an evaluation obtained by the school district.  *Id.* § 300.502(b)(1).  Upon receiving such a request, the school district must, "without unnecessary delay," either comply with the parent's request or file a due process complaint requesting a hearing to show that its own evaluation is appropriate.  *Id.* § 300.502(b)(2).

As another safeguard, parents in New York may challenge the adequacy of their child's IEP in a due process hearing before an impartial hearing officer ("IHO"), who then issues a Finding of Facts and Decision ("FOFD") at the conclusion of the hearing.  N.Y. Educ. Law § 4404(1).  If dissatisfied with the IHO's decision, either party may appeal that decision to a State Review Officer ("SRO"), whose decision is final and concludes the state administrative review; if still dissatisfied at that juncture, either party may then bring a civil action in federal or state court.  *Id.* § 4404(2); 20 U.S.C. § 1415(i)(2)(A).  At the administrative level, the school district bears the burden of proof and persuasion to demonstrate that the student was provided a FAPE.  N.Y. Educ. Law § 4404(1)(c).  "On appeal to a federal court, however, the burden of demonstrating that an SRO ruled incorrectly falls on the party challenging that decision."  *R.G. ex rel. E.G. v. N.Y.C. Dep't of Educ.*, 585 F. Supp. 3d 524, 535 (S.D.N.Y. 2022); *accord M.H. ex rel. P.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 225 n.3 (2d Cir. 2012).

B.    **Plaintiffs' State Administrative Proceedings[3]**

Between 2020 and 2023, the eleven original Plaintiffs in this action, dissatisfied with the educational services provided in their children's respective DOE schools, availed themselves of the above-described procedural safeguards.  They unilaterally enrolled their children in iBrain and requested impartial hearings, filing due process claims and alleging that: (1) DOE denied their respective child a FAPE; (2) unilateral placement at iBrain was appropriate; and (3) equitable considerations favored full reimbursement or payment for each child's educational program at iBrain.  *See* Dkt. 10 (Plaintiffs' motion for preliminary injunction) at 1.  In each case, the IHO issued a FOFD and concluded that the DOE had denied the child a FAPE, that unilateral placement at iBrain was appropriate, and that the DOE must pay full tuition for each child.  *See* Rousseau Decl., Exhs. 1-11.

The parties agree that the DOE is obligated to comply with the terms of those FOFDs.  *See* Dkt. 53 ("Defts. Mot.") at 2 ("The Department does not dispute that the Student-Plaintiffs are entitled to funding for the services at issue according to the terms set forth in the underlying administrative decisions.").  The parties' remaining disputes concern the scope of the DOE's reimbursement or payment obligations for the transportation and/or nursing costs for the seven children still at issue in this case.  The relevant administrative orders for those children are discussed below.

---

[3] The Court adopts the recitation of facts set forth in the Report and Recommendation and assumes the parties' familiarity therewith, discussing herein only those facts necessary to resolve the parties' objections.  The following background facts are drawn primarily from the Complaint, Dkt. 7 ("Compl."), the parties' Local Civil Rule 56.1(a) statements of undisputed material facts, Dkts. 55 ("Defts. 56.1 Stmt."), 58 ("Pls. 56.1 Stmt."), and the declarations filed in support of and in opposition to the motions for a preliminary injunction and summary judgment as well as the exhibits attached to those declarations, Dkts. 9 ("Rousseau Decl."), 54 ("Imbiano Decl."), 57 (first declaration of Daniela Jampel), 63 (second declaration of Daniela Jampel).

    1.      **L.S.**

Plaintiff Maria Hidalgo is the parent and natural guardian of L.S.  Compl. ¶ 20; Pls. 56.1 Stmt. ¶ 2.  On September 17, 2021, IHO James A. Brown issued an FOFD, which ordered, *inter alia*, that the school district "shall reimburse the Parents for the costs of [L.S.]'s special transportation for the 2020-2021 school year."  Rousseau Decl., Exh. 2 ("L.S. FOFD"), at 8; Pls. 56.1 Stmt. ¶¶ 16-19; Defts. 56.1 Stmt. ¶ 7.  That FOFD, which neither party appealed, is the final administrative order from the due process proceedings regarding L.S.'s 2020-2021 school year.  Pls. 56.1 Stmt. ¶ 20; Defts. 56.1 Stmt. ¶ 7.

    2.      **C.B.**

Plaintiff Madeline Grullon is the parent and natural guardian of C.B.  Compl. ¶ 26; Pls. 56.1 Stmt. ¶ 3.  On September 23, 2022, IHO Peter D. Hoffman issued an FOFD, which directed, *inter alia*, "[t]he DOE to directly pay and prospectively pay for special education transportation with limited time travel, a 1:1 paraprofessional, air conditioning, a lift bus; and a regular-sized wheelchair."  Rousseau Decl., Exh. 3 (C.B. FOFD); Pls. 56.1 Stmt. ¶¶ 26-29.

    3.      **E.B.**

Plaintiff Oliver Bruckauf is the parent and natural guardian of E.B.  Compl. ¶ 38; Pls. 56.1 Stmt. ¶ 5. On November 4, 2022, IHO Alena Weiserbs issued an FOFD, which ordered, *inter alia*, the school district (1) to pay for E.B.'s unilateral placement at iBrain for the remainder of the 2022 school year and the entirety of the 2022-2023 school year; (2) to "provide or fund special door to door transportation to and from school in an airconditioned bus with a lift that can accommodate a regular sized wheelchair along with limited travel time with a one-to-one travel nurse or paraprofessional"; and (3) to "fund an independent neuropsychological evaluation."  Rousseau Decl., Exh. 4 ("E.B. FOFD") at 14-15; Pls. 56.1 Stmt. ¶¶ 36-44; Defts. 56.1 Stmt. ¶ 13.  Notably, IHO Weiserbs did not order the DOE to pay for the cost of a one-to-one nurse for E.B.  *See* E.B.

FOFD at 14-15.  Because neither party appealed the FOFD, it is the final administrative order regarding E.B.'s due process proceedings for the 2021-2022 and 2022-2023 school years.  Pls. 56.1 Stmt. ¶ 45; Defts. 56.1 Stmt. ¶ 13.

### 4.    R.L.

Plaintiff Kamolporn Lummayos is the parent and natural guardian of R.L.  Compl. ¶ 50; Pls. 56.1 Stmt. ¶ 7.  On March 3, 2023, IHO Mercedes Cesaratto issued an FOFD, which ordered, *inter alia*, "that the DOE shall provide or fund an appropriate door-to-door transportation[,] including wheelchair accessible bus and 1:1 paraprofessional[,] to and from [R.L.]'s home and [iBrain] to the extent it is not included in the tuition costs of [iBrain]."  Rousseau Decl., Exh. 5 ("R.L. FOFD") at 39; Pls. 56.1 Stmt. ¶¶ 51-54; Defts. 56.1 Stmt. ¶ 16.

### 5.    M.C.

Plaintiff Linda Cohen is the parent and natural guardian of M.C.  Compl. ¶ 55; Pls. 56.1 Stmt. ¶ 8.  On February 17, 2023, IHO Robert Rodriguez issued an FOFD, which ordered, *inter alia*, that the DOE "pay any transportation costs related to transporting [M.C.] to and from iBRAIN."  Rousseau Decl., Exh. 6 ("M.C. FOFD") at 19; Pls. 56.1 Stmt. ¶¶ 61-64; Defts. 56.1 Stmt. ¶ 19.

### 6.    W.R.

Plaintiff Cynthia Ramos is the parent and natural guardian of W.R.  Compl. ¶ 73; Pls. 56.1 Stmt. ¶ 11.  On December 10, 2022, IHO Rodney Austin issued an FOFD, which ordered, *inter alia*, "that the DOE shall . . . pay for a private duty nurse 1:1, a 1:1 paraprofessional as needed, [and] all related services and transportation for [W.R.] to and from iBrain."  Rousseau Decl., Exh. 11 ("W.R. FOFD") at 8; Pls. 56.1 Stmt. ¶¶ 85-88; Defts. 56.1 Stmt. ¶ 29.

7.    **V.G.**

Plaintiff Sandra Lee is the parent and natural guardian of V.G.  Compl. ¶ 61; Pls. 56.1 Stmt.

¶ 9.  On December 11, 2022, IHO Jean Marie Brescia issued an FOFD that ordered the DOE to

"reimburse [V.G.'s] mother for the costs of tuition and related services at iBrain and the costs of

specialized transportation for [V.G.] between home and iBrain, for the time period between

October 12, 2022 through the end of the 2022-2023 school year."  Imbiano Decl., Exh. 1 (V.G.

FOFD) at 21; Pls. 56.1 Stmt. ¶¶ 71-74; Defts. 56.1 Stmt. ¶ 25.

Lee appealed the FOFD, alleging that IHO Brescia erred in awarding only tuition

reimbursement, rather than direct payment to iBrain.  Rousseau Decl., Exh. 8 ("V.G. SRO

Decision") at 6; Pls. 56.1 Stmt. ¶ 75.  On March 1, 2023, SRO Justyn P. Bates modified the FOFD

"to award [Lee] direct payment of the costs of [V.G.'s] attendance at iBrain from October 12, 2022

through the end of the 2022-23 school year along with the cost of specialized transportation for

[V.G.]" and "by reversing that portion which denied reimbursement for an independent

neuropsychological evaluation."  V.G. SRO Decision at 10-11; Pls. 56.1 Stmt. ¶¶ 76-78; Defts.

56.1 Stmt. ¶ 26.

**C.    Procedural History of the Instant Action**

On March 13, 2023, Plaintiffs initiated this action, seeking, among other things, an order

compelling the DOE to fully implement and comply with each final administrative order issued in

the various IDEA proceedings for their children.  Compl. at 44-45.  The next day, Plaintiffs moved

for a preliminary injunction ordering the DOE "to immediately implement the final administrative

orders for each respective Plaintiff through the funding of the Plaintiff-Students' tuitions and

related services, including special transportation."  Dkt. 8 at 1.  On April 20, 2023, the Court denied

Plaintiffs' motion for a preliminary injunction primarily based on the failure of Plaintiffs to

establish a likelihood of irreparable harm.  *See* Minute Entry from April 20, 2023.  On May 4,

2023, the Court referred this case to Judge Willis for general supervision of pretrial proceedings and to issue a report and recommendation on any dispositive motion.  Dkt. 24.

On May 15, 2024, Defendants and Plaintiffs both moved for summary judgment.  Dkts. 52-59.  Defendants opposed Plaintiffs' motion on June 5, 2024, Dkt. 62 ("Defts. Opp."), and Plaintiffs opposed Defendants' motion on June 6, 2024, Dkt. 64 ("Pls. Opp.").  Defendants and Plaintiffs filed their respective replies on June 19 and June 21, 2024.  Dkts. 67 ("Defts. Reply"), 68 (Plaintiffs' reply brief).  Judge Willis issued her Report and Recommendation on February 7, 2025, recommending that the Court grant in part and deny in part the pending motions for summary judgment.  Dkt. 70 ("R&R").  Both Defendants and Plaintiffs filed objections to the Report and Recommendation on February 21, 2025, Dkts. 71 ("Defts. Objs."), 72 ("Pls. Objs."), and filed responses to the opposing party's objections on March 7, 2025, Dkt. 73 (Defendants' responses), 74 ("Pls. Resps.").

## II.  Legal Standard

### A.    Review of Report and Recommendation

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation, and must conduct *de novo* review of any part of the magistrate judge's disposition to which a party submits a proper objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  "To be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general."  *Riaz v. Comm'r of Soc. Sec.*, No. 20 Civ. 8418 (JPC) (SLC), 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022) (internal quotation marks and citations omitted).  "Parties may neither regurgitate the original briefs to the magistrate judge nor raise new arguments not raised to the magistrate judge in the first instance."  *Id.* (internal quotation marks omitted); *accord United States v. Gladden*, 394

F. Supp. 3d 465, 480 (S.D.N.Y. 2019). On the other hand, a district court reviews for clear error those parts of a report and recommendation to which no party has filed proper or timely objections. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks omitted)).

### B.    Summary Judgment in IDEA Cases

Although parties in an IDEA action file motions for summary judgment in form, the procedure is "in substance an appeal from an administrative determination, not a summary judgment." *Arlington Cent. Sch. Dist. v. D.K. & K.K. ex rel. C.K.*, No. 02 Civ. 2117 (DLC), 2002 WL 31521158, at *7 (S.D.N.Y. Nov. 14, 2002) (quoting *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 892 (9th Cir. 1995)); *accord Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 83 n.3 (2d Cir. 2005). Accordingly, the usual summary judgment standards do not apply. *See, e.g.*, *T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist.*, 554 F.3d 247, 252 (2d Cir. 2009) (per curiam); *Viola v. Arlington Cent. Sch. Dist.*, 414 F. Supp. 2d 366, 377-78 (S.D.N.Y. 2006). Instead, when reviewing IDEA administrative decisions, a federal district court considers the record and any additional evidence the parties submit and bases its determination on a preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(C); *see also T.P.*, 554 F.3d at 252. Because the IDEA authorizes "such relief as the court determines is appropriate," 20 U.S.C. § 1415(i)(2)(C)(iii), district courts exercise "equitable authority" when crafting appropriate relief, *Florence Cnty. Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7, 12 (1993).

Courts do not, however, have free reign in such actions. "The role of the federal courts in reviewing state educational decisions under the IDEA is circumscribed," and "courts must bear in

mind the statutory context and the administrative judges' greater institutional competence in matters of educational policy." *R.E.*, 694 F.3d at 189 (alteration adopted and internal quotation marks omitted). Only where the challenged administrative determination implicates a pure legal question is it appropriate for a court to conduct *de novo* review of the underlying decision. *See Montalvan v. Banks*, No. 22 Civ. 8541 (PAE), 2023 WL 8720296, at *8 (S.D.N.Y. Dec. 18, 2023) (citing *Mrs. B. ex rel. M.M. v. Milford Bd. of Educ.*, 103 F.3d 1114, 1122 (2d Cir. 1997), and *Lillbask*, 397 F.3d at 93-94). Otherwise, a court "must give due weight to [the administrative] proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *M.H.*, 685 F.3d at 240 (internal quotations marks omitted). Indeed, while judicial review of state agency proceedings under the IDEA "requires a more critical appraisal of the agency determination than clear-error review," the standard of review "falls well short of complete *de novo* review." *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014) (internal quotation marks omitted).

"In deciding what weight is due . . . the analysis often will hinge on the kinds of considerations that normally determine whether any particular judgment is persuasive," such as the "quality and thoroughness of the reasoning, the type of determination under review, and whether the decision is based on the administrative body's familiarity with the evidence and the witnesses." *Reyes ex rel. R.P. v. N.Y.C. Dep't of Educ.*, 760 F.3d 211, 218 (2d Cir. 2014) (internal quotation marks omitted). On this score, the Second Circuit has provided the following guidance:

> By way of illustration, determinations regarding the substantive adequacy of an IEP should be afforded more weight than determinations concerning whether the IEP was developed according to the proper procedures. Decisions involving a dispute over an appropriate educational methodology should be afforded more deference than determinations concerning whether there have been objective indications of progress. Determinations grounded in thorough and logical reasoning should be provided more deference than decisions that are not.

11

*M.H.*, 685 F.3d at 244 (internal citations omitted).  Emphatically, a court is "not to make subjective credibility assessments[] and cannot choose between the views of conflicting experts on controversial issues of educational policy in direct contradiction of the opinions of state administrative officers who [have] heard the same evidence." *Id.* at 240 (alterations adopted and internal quotation marks omitted).  Nor may a court "'substitute [its] own notions of sound educational policy for those of the school authorities [it] review[s].'" *A.C. ex rel. M.C. v. Bd. of Educ. of the Chappaqua Cent. Sch. Dist.*, 553 F.3d 165, 171 (2d Cir. 2009) (quoting *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982)).

### III.  Discussion

Defendants raised four arguments in their motion for summary judgment.  First, they argued that Plaintiffs' tuition-related claims and C.B.'s transportation claims are moot as the DOE has fully paid the outstanding balance.[4]  Defts. Mot. at 4-5.  Second, they argued that the transportation claims of S.H., S.J.D., and V.G. are not ripe and should be dismissed.  *Id.* at 6-7.  Third, they argued that the remaining transportation claims should be dismissed or remanded for clarification.  *Id.* at 7-8.  And fourth, they argued that Plaintiffs are not entitled to attorneys' fees for the instant action because they are not prevailing parties.  *Id.* at 9.

Plaintiffs, for their part, also raised four arguments in their summary judgment motion.  First, they argued that the DOE should be ordered to pay the outstanding tuition balance for V.G.[5]  Pls. Mot. at 5-6.  Second, they argued that the DOE should be ordered to fully fund E.B.'s one-to-

---

[4] In opposing Defendants' summary judgment motion, Plaintiffs agreed that the "DOE has fulfilled its obligation to fully fund Student-Plaintiff C.B.'s transportation for the 2021-2022 [school year]."  Pls. Opp. at 3 & n.1.

[5] Plaintiffs also later recognized that the "DOE has fulfilled its obligation to fully fund . . . V.G.'s tuition for the 2022-2023 [school year]," and explained that their argument "that there was a balance due for V.G.'s tuition . . . was due to an accounting error on Plaintiffs' part."  Pls. Opp. at 3 & n.1.

one nurse because, according to Plaintiffs, IHO Weiserbs intended to include funding for such a nurse even though the FOFD did not order the DOE to provide that funding. *Id.* at 6-9. Third, they argued that the DOE must immediately fund Plaintiffs for all transportation costs, regardless of whether the student actually used such services. *Id.* at 9-19. And fourth, they argued that they are entitled to attorneys' fees and costs. *Id.* 19-21.

Judge Willis recommended that the Court: (1) grant Defendants' motion for summary judgment as to tuition for all Plaintiffs and dismiss those claims as moot because tuition for each student has now been fully paid, R&R at 9-11; (2) grant Defendants' motion for summary judgment as to the transportation claims for C.B. and S.J.D. because the DOE has paid its obligations for those students' transportation costs and, in any event, Plaintiffs are no longer pursuing this claim for S.J.D., *id.* at 11-12, 15-16; (3) grant Defendants' motion for summary judgment as to the transportation claim for V.G. because Defendants are awaiting from Plaintiffs invoices with V.G.'s correct surname for March 2023 through June 2023 and therefore the claim is not ripe, *id.* at 16-17; (4) conclude that L.S.'s parents are entitled to direct payment by the DOE of their child's transportation costs for the 2020-2021 school year, despite their failure to administratively challenge the FOFD's order of reimbursement instead of direct payment, and grant Plaintiffs' motion for summary judgment as to that claim, *id.* at 12-15; (5) grant Defendants' motion for summary judgment as to the transportation claims for E.B., M.C., R.L., and W.R., as well as the transportation costs of a travel nurse or paraprofessional for E.B., and remand those cases to the respective IHOs for further clarification, *id.* at 17-19, 21-22; (6) grant Plaintiffs' motion for summary judgment as to E.B.'s entitlement to the cost of a one-to-one nurse at school, despite the failure by E.B.'s parents to administratively exhaust their claim as to the absence of

that funding in the FOFD, *id.* at 19-21; and (7) grant Plaintiffs' request for attorneys' fees on the underlying administrative actions and this federal action, *id.* at 22-23.

The parties collectively object to four of Judge Willis's recommendations. Defendants object to the recommendations that the DOE be ordered to issue direct payment for L.S.'s transportation services, Defts. Objs. at 3-5, and that Bruckauf is entitled to the costs of E.B.'s one-to-one nursing services, *id.* at 5-7. Plaintiffs object to the recommendations that V.G.'s transportation claim be dismissed as not ripe, Pls. Objs. at 1-3, and that the transportation claims for E.B., M.C., R.L., and W.R. be remanded to the respective IHOs for clarification, *id.* at 3-8.

### A.    Defendants' Objections

#### 1.    IDEA's Administrative Exhaustion Requirement

Defendants argue in their objections to the Report and Recommendation that Judge Willis erred by concluding that Plaintiffs did not need to exhaust their administrative remedies with respect to L.S.'s transportation claim and E.B.'s one-to-one nursing claim.[6]  Defts. Objs. at 4-7.

---

[6] Plaintiffs argue that Defendants' objections are "merely a reiteration" of the exhaustion arguments that Defendants made before Judge Willis and urge the Court to apply clear error review. Pls. Resps. at 3, 6. It is true that "[t]o the extent that the objecting party . . . simply reiterated the original arguments, the court will review the report and recommendation strictly for clear error." *Gagliardi v. Prager Metis CPAs LLC*, 738 F. Supp. 3d 469, 475 (S.D.N.Y. 2024). Generally, however, "that principle is applied when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion]." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (alteration adopted and internal quotation marks omitted) (collecting cases). Here by contrast, rather than merely repeating arguments made before Judge Willis, Defendants' objections directly address and "[take] issue with a specific legal conclusion in the report and recommendation." *Id.* at 121; *see, e.g.*, Defts. Objs. at 6-7 (arguing that Judge Willis "misappl[ied]" the law). Accordingly, the Court reviews *de novo* the portions of the Report and Recommendation to which Defendants have objected. *See Giles v. Lamanna*, No. 22 Civ. 5804 (GHW) (SLC), 2024 WL 3678060, at *4 (S.D.N.Y. Aug. 2, 2024) (concluding that objections that a report and recommendation misapplied the law were "sufficiently precise to merit *de novo* review" because they were "specific and clearly aimed at particular findings in the magistrate judge's proposal" (internal quotation marks omitted)).

"The IDEA requires that any available administrative remedies be exhausted before a lawsuit is filed in federal court." *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 530 (2d Cir. 2020) (citing 20 U.S.C. § 1415(i)(2)(A)); *see also J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112 (2d Cir. 2004) ("It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court . . . ."). "The plaintiff's failure to exhaust administrative remedies ordinarily deprives this court of subject matter jurisdiction over any IDEA claims." *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002).[7] This "is not an inflexible rule," *Mrs. W. v. Tirozzi*, 832 F.2d 748, 756 (2d Cir. 1987), however; there are "some exceptions to the IDEA's exhaustion requirement," *Ventura de Paulino*, 959 F.3d at 530. "[E]xhaustion is not necessary if (1) it would be futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or

---

[7] Although the Second Circuit has "questioned more recently the supposed jurisdictional nature of the exhaustion requirement," *Ventura de Paulino*, 959 F.3d at 530, it has not specifically overturned prior decisions that express the exhaustion requirement in jurisdictional terms, *see id.* at 530 & n.44 (noting that it was "arguably bound by those earlier statements" and that it was "not forced to decide" based on the arguments presented whether such precedent "remains good law"); *see also K.M. v. Adams*, No. 20-4128, 2022 WL 4352040, at *3 (2d Cir. Aug. 31, 2022) (summary order) ("Because the [plaintiffs] cannot point to any non-waived basis on which to excuse their failure to exhaust their administrative remedies as required by the IDEA, the district court properly concluded that it lacked subject-matter jurisdiction over [the plaintiffs'] IDEA claims."). Even if IDEA's exhaustion requirement is not jurisdictional and instead an "inflexible claim-processing rule that may be waived or forfeited," *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 204 (2d Cir. 2007) (internal quotation marks omitted), the Court's conclusion would not change because Plaintiffs' failure to exhaust is still fatal here. Because Defendants have raised Plaintiffs' failure to exhaust administrative remedies as a defense, *see* Defts. Opp. at 3 & n.3; Defts. Objs. at 4-7, the Court must enforce the rule. *See Donnelly v. Controlled Application Rev. & Resol. Program Unit*, 37 F.4th 44, 56 (2d Cir. 2022) ("Though not jurisdictional, mandatory claim-processing rules remain mandatory. The Supreme Court has repeatedly said that '[i]f a party properly raises' a mandatory claim-processing rule, the rule is 'unalterable.'" (alteration in original) (quoting *Manrique v. United States*, 581 U.S. 116, 121 (2017)); *see also Coleman*, 503 F.3d at 203-04.

pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies." *Murphy*, 297 F.3d at 199.

In the Report and Recommendation, Judge Willis reasoned that "[a] parent seeking review of an IHO's determination need not exhaust administrative remedies before seeking judicial review." R&R at 15 (discussing L.S.'s claim for direct payment for transportation costs) (citing *Mondano v. Banks*, No. 22 Civ. 7519 (JPC), 2024 WL 1363583, at *3 (S.D.N.Y. Mar. 30, 2024)); *accord id.* at 21 (discussing E.B.'s claim for reimbursement for one-to-one nursing costs) (citing *Mondano*, 2024 WL 1363583, at *3).[8] As just discussed, however, exhaustion is the default requirement, subject to only a few exceptions. New York "has implemented a two-tier system of administrative review, under which dissatisfied parents may (1) file an administrative due process complaint and request a hearing before an [IHO] and (2) appeal the IHO's decision to [an SRO]." *Polanco v. Porter*, No. 21 Civ. 10927 (MKV), 2023 WL 2751340, at *1 (S.D.N.Y. Mar. 31, 2023). Administrative exhaustion requires engaging in both the initial IHO hearing and a subsequent appeal to the SRO. *R.P. v. Pelham Union Free Sch. Dist.*, No. 16 Civ. 2898 (TPG), 2017 WL 4382190, at *3 (S.D.N.Y. Sept. 29, 2017). Generally, therefore, "[t]he failure to appeal an IHO's decision to the SRO constitutes a failure to exhaust administrative remedies under the IDEA and requires dismissal." *D.A.B. v. N.Y.C. Dep't of Educ.*, 45 F. Supp. 3d 400, 405 (S.D.N.Y. 2014)

---

[8] This Court in *Mondano* explained that "a parent *seeking review of an IHO's pendency determination* need not exhaust administrative remedies—*i.e.*, by appealing the order to an SRO—before seeking judicial review." *Mondano*, 2024 WL 1363583, at *3 (emphasis added) (citing *Murphy*, 297 F.3d at 199). That is because "where 'an action alleg[es a] violation of the stay-put provision,' such action 'falls within one, if not more, of the enumerated exceptions' to the IDEA's exhaustion requirement." *Ventura de Paulino*, 959 F.3d at 531 (alteration in original) (quoting *Murphy*, 297 F.3d at 199). The Second Circuit in *Murphy* explained why: "given the time-sensitive nature of the IDEA's stay-put provision, 'an immediate appeal is necessary to give realistic protection to the claimed right.'" 297 F.3d at 199 (quoting *Miss Am. Org. v. Mattel, Inc.*, 945 F.2d 536, 545 (2d Cir. 1991)). Plaintiffs here seek review of FOFDs, not pendency determinations, so the justification for an exhaustion exception that was relevant in *Mondano* does not apply here.

(collecting cases); *see also Avaras v. Clarkstown Cent. Sch. Dist.*, No. 18 Civ. 6964 (NSR), 2019 WL 4600870, at *10 (S.D.N.Y. Sept. 21, 2019) ("Courts in this circuit have consistently held that a party that does not timely appeal an IHO's decision to the SRO . . . has failed to exhaust administrative remedies under the IDEA." (collecting cases)).

As discussed below, the parents of L.S. and E.B. have failed to exhaust their administrative remedies as to their claims for transportation services and one-to-one nursing services, respectively, and so Plaintiffs' claims requesting modifications of those students' FOFDs must be dismissed without prejudice.[9]

### 2. Direct Payment of L.S.'s Transportation Costs

Before the IHO, L.S.'s parents requested direct payment of the transportation costs associated with the 2020-2021 school year. L.S. FOFD at 3. IHO Brown instead ordered the DOE to "*reimburse* the Parents for the costs of [L.S.'s] special transportation" for that school year. *Id.* at 8 (emphasis added). Unsurprisingly given this clear language, Plaintiffs recognize that IHO Brown's FOFD requires only reimbursement and not direct payment of L.S.'s transportation costs. *See* Pls. Opp. at 4 ("IHO Brown ordered reimbursement of L.S.'s transportation when direct payment would have been the more appropriate remedy.").

As mentioned, Defendants moved for summary judgment as to Plaintiffs' claim for L.S.'s transportation costs because IHO Brown's FOFD directed reimbursement, and Plaintiffs have not yet submitted documentation substantiating any transportation payments. Defts. Mot. at 6.[10] In

---

[9] Notably, Plaintiffs bring claims against the DOE only for its "failure to *implement* the final administrative orders." Compl. ¶ 391 (emphasis added). It is not clear how Plaintiffs can properly request *modification* of the FOFDs as part of a motion for summary judgment on claims that relate only to the DOE's *implementation* of the FOFDs.

[10] In their opening brief, Defendants appear to mistakenly refer to L.S. as S.H., while citing to the FOFD for L.S. *See* Defts. Motion at 6; *see also* R&R at 12 n.3 (noting the same). The Court interprets those arguments as relating to L.S.

response, Plaintiffs argued that the Court should modify IHO Brown's FOFD to require direct retroactive payment, instead of only reimbursement, for L.S.'s transportation costs associated with the 2020-2021 school year. *See, e.g.*, Pls. Opp. at 9 ("Plaintiffs are only asking the Court to modify how payment is to be made."), 10 ("Plaintiffs therefore request that this Court . . . amend IHO Brown's FOFD to require that DOE directly and retroactively fund L.S.'s specialized transportation to and from iBRAIN for the 2020-2021 [school year]."). In addition, in their summary judgment motion, Plaintiffs sought a ruling that the DOE must immediately fund L.S.'s transportation costs (as well as the transportation costs of the other students). Pls. Mot. at 9-19. Judge Willis recommended that the Court deny Defendants' motion for summary judgment and grant Plaintiffs' motion as to the claim for L.S.'s transportation costs. R&R at 12-15.

The Court, however, lacks authority to modify IHO Brown's FOFD. L.S.'s parents did not appeal their child's FOFD to an SRO. *See* Pls. 56.1 Stmt. ¶ 20; Defts. 56.1 Stmt. ¶ 7. As such, they have not exhausted their administrative remedies. The Court cannot now modify IHO Brown's FOFD to require the DOE to directly and retroactively fund L.S.'s transportation for the 2020-2021 school year.[11] *See D.A.B.*, 45 F. Supp. 3d at 405.

Because Plaintiffs have not yet submitted documentation evidencing any payments made for L.S.'s transportation during the 2020-2021 school year, their claim that the DOE has failed to

---

[11] Plaintiffs argue that such a conclusion "clearly conflicts with the meaning and purpose of the IDEA" because it "would require parents to appeal favorable FOFDs to anticipate any loophole that the DOE may later devise to avoid complying with the IHO orders." Pls. Resps. at 4. An appeal to an SRO, however, is the normal course of events for a parent unsatisfied with an FOFD, as exemplified by Lee's appeal after V.G. was awarded tuition reimbursement instead of direct payment. *See supra*, I.B.7. Nor can the DOE's implementation of the plain language of L.S.'s FOFD—which unambiguously required direct reimbursement despite L.G.'s parents requesting otherwise—be characterized as the DOE resorting to a "loophole." What is more, Plaintiffs' argument that a district court's broad discretion to fashion relief under the IDEA permits it to modify an FOFD even when a plaintiff seeks only to enforce the FOFD's requirements, *see* Pls. Resps. at 3-5, would render the IDEA's statutory exhaustion requirement meaningless.

comply with IHO Brown's FOFD is not ripe.  *See Mendez v. Banks*, 65 F.4th 56, 61 (2d Cir. 2023)

("The DOE must first withhold payments that have actually accrued before Plaintiffs can seek

those payments in court."), *cert. denied,* 144 S. Ct. 559 (2024).   Accordingly, Defendants'

objection is sustained, and the Court grants Defendants' motion for summary judgment as to

Plaintiffs' transportation claim for L.S., denies Plaintiffs' motion as to that claim, and dismisses

the claim without prejudice as not ripe.

### 3.  E.B.'s One-To-One Nursing Costs

In their motion for summary judgment, Plaintiffs argued that the DOE should be ordered

to fully fund E.B.'s one-to-one nurse—even though IHO Weiserbs did not order that relief in

E.B.'s FOFD—because such funding was intended to be provided.  Pls. Mot. at 6-9.  Judge Willis

recommended that the Court grant Plaintiffs' motion for summary judgment on this claim, because

"[t]he record makes clear that a FAPE for E.B. would require a one-to-one nurse."  R&R at 21.

Here too, however, this Court concludes that it lacks the authority to grant Plaintiffs this requested

relief because of the failure by E.B.'s parents to exhaust this issue administratively.

IHO Weiserbs's FOFD ordered, in its entirety, that:

(1) The Parent's claim for direct funding of the Student's unilateral placement at
the Private School from May 25, 2022 to June 24, 2022 school year is GRANTED:
The District shall directly fund the Private School in the amount of twenty thousand
six-hundred and forty-seven dollars and fifty cents ($20,647.50) and reimburse the
Parent in the amount of one hundred dollars ($100.00) and shall be paid within
thirty days of this Order;

(2) The Parent's claim for direct funding of the Student's unilateral twelve-month
placement at the Private School for the entire 2022-2023 extended school year[] is
GRANTED: The District shall directly fund the Private School in the amount of
two hundred sixty-two thousand and [ninety]-two dollars ($262,092.00) and
reimburse the Parent in the amount of one hundred dollars ($100.00) and shall be
paid within thirty days of this Order;

(3) The District shall provide or fund special door to door transportation to and
from school in an airconditioned bus with a lift that can accommodate a regular

sized wheelchair along with limited travel time with a one-to-one travel nurse or paraprofessional;

(4) The District has agreed through resolution to fund an independent neuropsychological evaluation; and

(5) The CSE is directed to convene within 15 days of a Parental request for an IEP meeting to develop a placement with meaningful and measurable goals to address the Student's individual academic, behavioral, social, and emotional deficits and that the CSE must rely on the recommendation of the Student's neuropsychological [evaluation] when developing the new IEP.

E.B. FOFD at 14-15. Lacking from IHO Weiserbs's FOFD was any order that the DOE fund a one-to-one nurse for E.B.

"[W]here, as here, the IHO has issued . . . an FOFD ordering such reimbursement, 'the sole source of the DOE's reimbursement obligations in each Plaintiff's case is the applicable administrative order.'" *Donohue v. Banks*, No. 22 Civ. 8998 (JPC), 2023 WL 6386014, at *7 (S.D.N.Y. Sept. 30, 2023) (quoting *Davis v. Banks*, No. 22 Civ. 8184 (JMF), 2023 WL 5917659, at *4 (S.D.N.Y. Sept. 11, 2023)). As Plaintiffs recognize, IHO Weiserbs's FOFD (the source of the DOE's obligations with respect to E.B.) contains "no formal order that a 1:1 nurse be provided." Pls. Mot. at 8. As such, the DOE is not obligated to fund a one-to-one nurse for E.B. under the FOFD.

E.B.'s parents did not appeal IHO Weiserbs's FOFD, *see* Pls. 56.1 Stmt. ¶ 45; Defts. 56.1 Stmt. ¶ 13, and thus they failed to exhaust the administrative remedies available to address the absence of the one-to-one nursing funding in the FOFD, *see R.P.*, 2017 WL 4382190, at *3. Because E.B.'s parents did not first ask an SRO to correct this supposed "oversight" in IHO Weiserbs's FOFD, the Court cannot now modify the administrative order to provide for that funding. As that failure to exhaust deprives the Court of authority to modify E.B.'s FOFD, *see D.A.B.*, 45 F. Supp. 3d at 405, Defendants' objection is sustained. The Court therefore grants

20

Defendants' motion for summary judgment as to E.B.'s claim for one-to-one nursing costs and dismisses that claim.

**B.    Plaintiffs' Objections**

Both of Plaintiffs' objections relate to Defendants' obligation to fund transportation for certain students.  For V.G., Plaintiffs object to Judge Willis's recommendation that the claim be dismissed as unripe.  Pls. Objs. at 1-3.  For E.B., M.C., R.L., and W.R., Plaintiffs object to the recommendation that the students' cases be remanded to the respective IHOs for clarification.  *Id.* at 3-7.  The Court addresses each in turn.

**1.    Transportation Costs for V.G.**

In recommending dismissal of V.G.'s transportation claim as not ripe, Judge Willis reasoned that Defendants had not yet finally withheld payments for transportation; rather, V.G.'s parent submitted invoices to the DOE for a student with a different last name than V.G.'s, and Defendants averred that they would make the payments owed once this discrepancy is resolved. R&R at 16-17.  Plaintiffs object to this recommendation, arguing that Defendants paid several invoices with the same typo in the past, and that other identifying information on the invoices leaves no question that V.G. is the student for whom transportation was provided.  Pls. Objs. at 1-3.

The Court overrules Plaintiffs' objection.  "Ripeness is a constitutional prerequisite to exercise of jurisdiction by federal courts."  *Nutritional Health All. v. Shalala*, 144 F.3d 220, 225 (2d Cir. 1998).  "For a cause of action to be ripe, and therefore justiciable, it must present a real, substantial controversy, not a mere hypothetical question.  A claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Mendez*, 65 F.4th at 60 (alteration adopted and internal quotation marks omitted).  Here, Defendants acknowledge the DOE's obligation to pay for V.G.'s transportation costs for the 2022-2023 school year.  *See* Defts. Opp. at 6.  In fact, the DOE has already reimbursed V.G.'s parents

21

for the child's transportation costs for the period between September 2022 and February 2023. *Id.* And Defendants represent that the DOE "will pay the invoices in the ordinary course" once accurate invoices are produced by Plaintiffs. *Id.*; *see also* Defts. Reply at 4 ("Plaintiffs provided to Defendants unredacted invoices for March through May 2023, for a Student bearing the same first name as V.G., but a different surname. Defendants are in communication with Plaintiffs regarding this discrepancy, and the DOE will make payments for the underlying time period (upon receipt of sufficient proof that the documentation previously submitted is indeed for Plaintiff V.G.)."). What is more, Plaintiffs acknowledge that the transportation invoices that they submitted to Defendants included an incorrect last name for V.G. Pls. Objs. at 2.

Plaintiffs' claim therefore hinges not on a final refusal by the DOE to pay for V.G.'s transportation costs, but rather on the resolution of an outstanding clerical issue (or "scrivener's error" as Plaintiffs describe it) resulting from V.G.'s parent's own error in submitting invoices with the wrong name. *Id.* Defendants have not repudiated their obligation under IHO Brescia's FOFD, as modified by SRO Bates, nor have they stated an intention to withhold payment for V.G.'s transportation costs once corrected invoices are provided by Plaintiffs for V.G. As such, Plaintiffs' claim that Defendants have failed to implement the FOFD must await the parties' resolution of the clerical issue. If the invoicing error is resolved, Defendants assert that the DOE will remit payment; if the DOE fails to do so even after such resolution, Plaintiffs may have a ripe claim at that juncture.

Unless and until that happens, resolution of Plaintiffs' claim as to V.G.'s transportation "depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all," *Mendez*, 65 F.4th at 60 (internal quotation marks omitted)—namely, the DOE's refusal to pay for V.G.'s transportation costs, as contemplated by the FOFD and as evidenced by accurate

transportation invoices.  Because Plaintiffs' claim for V.G.'s transportation costs "relies on state administrative decisions that have not yet been made," *id.* at 61, it has not ripened.  Accordingly, the Court overrules Plaintiffs' objection, grants Defendants summary judgment as to this issue, and dismisses Plaintiffs' transportation claim as to V.G. as not ripe.

### 2.  Transportation Costs for E.B., M.C., R.L., and W.R.

Plaintiffs' second objection relates to their claims for transportation costs for E.B., M.C., R.L., and W.R., and challenges Judge Willis's recommendation that those students' cases be remanded to the respective IHOs for further clarification.  Pls. Objs. at 3-7.  Plaintiffs moved for summary judgment as to these transportation claims, arguing that the DOE is required to reimburse Plaintiffs for any costs of transportation services regardless of whether the student used the services.  Pls. Mot. at 9-19.  Judge Willis concluded that the language in the FOFDs for these four students warranted remand for further clarification.  R&R at 18.  The Court overrules Plaintiffs' objection with respect to E.B., R.L., and W.R., but sustains Plaintiffs' objection with respect to M.C.

The FOFDs for E.B., R.L., and W.R., all use language that is unclear as to whether the DOE is required to reimburse transportation costs only for days the relevant student attended school or for the full transportation contract regardless of actual attendance.  IHO Weiserbs's FOFD for E.B. directed the DOE to "provide or fund [E.B.'s] special *door to door* transportation *to and from* school."  E.B. FOFD at 15 (emphasis added).  IHO Cesaratto's FOFD for R.L. required the DOE to "provide or fund appropriate *door-to-door* transportation . . . *to and from* [R.L.'s] home and [iBrain]."  R.L. FOFD at 39 (emphasis added).  And IHO Austin's FOFD for W.R. required the DOE to "pay for . . . transportation for [W.R.] *to and from* iBrain."  W.R. FOFD at 8 (emphasis added).  In *Donohue*, this Court explained in detail why the language "door to door" and "to and from" in this context is unclear with respect to the scope of the DOE's obligations when it comes

to funding transportation under FOFDs.  2023 WL 6386014, at *11-12; *see id.* at *11 (explaining

that orders with this language were "unclear as to whether they require the DOE to reimburse

transportation costs only for days attended or for the full transportation contract regardless of

actual attendance").

In their Objections, Plaintiffs largely "regurgitate the original briefs" submitted to Judge

Willis, rendering this objection potentially improper.  *See Riaz*, 2022 WL 4482297, at *2 (internal

quotation marks omitted); *compare* Pls. Objs. at 3-7, *with* Pls. Mot. at 9-19.  Regardless, despite

the passage of some time since *Donohue*, the Court finds the above-quoted language to be no

clearer now than it was eighteen months ago.  The reasoning in *Donohue* applies on all fours to

the transportation costs for E.B., R.L., and W.R., as much now as it did then.[12]  *See also Frias v.*

*Banks*, No. 24 Civ. 1767 (PAE), 2024 WL 4635315, at *3 (S.D.N.Y. Oct. 30, 2024) (finding

substantially similar language to be unclear and remanding for further clarification, citing

*Donohue*); *Zimmerman v. Banks*, No. 23 Civ. 9003 (JGK), 2024 WL 4882370, at *4-6 (S.D.N.Y.

Nov. 25, 2024) (same).  Accordingly, even reviewing the Report and Recommendation *de novo*,

the Court overrules Plaintiffs' objection with respect to the transportation costs for E.B., R.L., and

W.R., and remands those students' cases to the respective IHOs for further clarification.[13]  *See*

*Donohue*, 2023 WL 6386014, at *12 (observing that "[t]he IHOs are plainly in the best position to

---

[12] Both in their motion and in their objections, Plaintiffs quote extensively from administrative decisions that conclude that awarding certain students the total contract cost for their transportation would not be excessive.  *See* Pls. Mot. at 15-17; Pls. Objs. at 5-7.  Such decisions have no bearing on the instant dispute, which centers around the interpretation of language in specific FOFDs.

[13] Plaintiffs do not object to Judge Willis's recommendation that their claim for the transportation costs for a travel nurse or paraprofessional for E.B. be remanded to IHO Weiserbs for clarification.  *See generally* Pls. Objs. at 3-7.  In any event, because E.B.'s FOFD uses the same "door to door transportation to and from school" language with regard to the transportation costs of a travel nurse or paraprofessional, E.B. FOFD at 15, the same analysis would apply, calling for remand to IHO Weiserbs for clarification.

interpret their own orders and, to the extent the existing orders do not resolve the parties' dispute, further factfinding may be warranted" (alteration in original) (quoting *Davis*, 2023 WL 5917659, at *5)).

The Court sustains Plaintiffs' objection, however, with respect to M.C.'s transportation costs. IHO Rodriguez's FOFD for M.C. required the DOE to "pay *any* transportation costs *related to* transporting [M.C.] to and from iBRAIN." M.C. FOFD at 19 (emphases added). As Judge Willis noted, this FOFD contains "to and from" language, like those of E.B., R.L., and W.R. *See* R&R at 19. But as this Court concluded in *Donohue*—with respect to the same FOFD for M.C. at issue here (and relevant there)—"M.C.'s February 17, 2023 FOFD," by including "broad language requiring the DOE to pay for 'any transportation costs,'" "plainly requires the DOE to reimburse costs as provided in the transportation contract." *Donohue*, 2023 WL 6386014, at *9 & n.6. Further, that determination "is not inconsistent with the Court's finding . . . as to the ambiguity of [the other] orders mandating reimbursements for transportation costs 'to and from iBrain'" because the "February 17, 2023 FOFD's mandate is, on its face, far broader in scope [than the other FOFDs], as it requires the DOE to pay *any* costs that are *related* to transporting M.C. to and from iBrain." *Id.* at *9 n.6. The Court therefore grants Plaintiffs summary judgment as to their transportation claim for M.C. Plaintiffs shall submit to the DOE paperwork reflecting the terms of M.C.'s transportation contract so that the DOE can process the reimbursement consistent with this Opinion and Order.

## C.    Attorneys' Fees

As described, Plaintiffs also sought summary judgment as to their entitlement to reasonable attorneys' fees. Pls. Mot. at 19-21. The IDEA "contains a fee-shifting provision under which a 'prevailing party' may recover attorneys' fees from the party against which it prevailed." *A.R. ex*

*rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 73 (2d Cir. 2005) (citing 20 U.S.C. § 1415(i)(3)(B)).   Defendants do not dispute that Plaintiffs were the prevailing parties in the underlying administrative hearings.  *See* Defts. Opp. at 8-9; *see also A.R.*, 407 F.3d at 75 ("[A] plaintiff who receives IHO-ordered relief on the merits in an IDEA administrative proceeding is a 'prevailing party.'").  Judge Willis further concluded that Plaintiffs were "prevailing parties" in the instant action because the Report and Recommendation recommended granting Plaintiffs' motion for summary judgment as to their claims for L.S.'s transportation costs and for E.B.'s one-to-one nursing costs.  R&R at 22-23.  This, Judge Willis explained, was a ruling that "'materially alter[ed] the legal relationship between the parties by modifying the defendants' behavior in a way that directly benefit[ted] the plaintiff[s].'"  *Id.* at 22 (quoting *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 17-18 (2d Cir. 2014) (summary order)).

Although the Court does not accept those two recommendations, the Court grants summary judgment to Plaintiffs on their claim related to M.C.'s transportation costs.  Generally, a party who "secure[s] a judgment on the merits" is a prevailing party and is entitled to an award of attorneys' fees under the IDEA.  *J.C. v. Reg'l Sch. Dist. 10, Bd. of Educ.*, 278 F.3d 119, 123 (2d Cir. 2002) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001)); *see also Lackey v. Stinnie*, 604 U.S. ----, 145 S. Ct. 659, 669 (2025) ("[A] plaintiff 'prevails' . . . when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties."); *B.W. ex rel. K.S. v. N.Y.C. Dep't of Educ.*, 716 F. Supp. 2d 336, 345 (S.D.N.Y. 2010) ("The prevailing party standard has been interpreted generously by the Supreme Court and the Second Circuit in terms of the degree of relief required.  To qualify for attorney's fees, a party need not prevail on all issues, but rather must succeed on any significant issue in litigation which achieves some of the benefit the

parties sought in bringing the suit." (alteration adopted; internal quotation marks and citations omitted)).  But because this issue has not yet been fully briefed in light of the rulings in this Opinion and Order, the Court expresses no view as to the extent to which Plaintiffs are entitled to attorneys' fees.

## D.    Remainder of Report and Recommendation

As to the remainder of the Report and Recommendation to which neither party raised any objection, the Court finds no clear error in the record.  Indeed, the Court has conducted *de novo* review of the remainder of the Report and Recommendation, and finds it to be well-reasoned and its conclusions well-founded.  Accordingly, the portions of the Report and Recommendation to which the parties did not object are adopted as well.

## IV.  Conclusion

For the reasons provided, the Court sustains in part and overrules in part Plaintiffs' objections, and sustains Defendants' objections.  The Report and Recommendation is otherwise adopted.  Accordingly, the Court dismisses without prejudice Plaintiffs' tuition claims as to all students, Plaintiffs' claim that E.B. is entitled to the cost of a one-to-one nurse at school, and Plaintiffs' claims as to transportation for C.B., S.J.D., V.G., and L.S.  The Court grants Plaintiffs' motion for summary judgment as to their claim for M.C.'s transportation costs.  Plaintiffs shall submit to the DOE paperwork reflecting the terms of the relevant transportation contract so that the DOE can process the reimbursement for M.C., consistent with this Opinion and Order.  The Court remands E.B.'s case to IHO Weiserbs, R.L.'s case to IHO Cesaratto, and W.R.'s case to IHO Austin, for further proceedings not inconsistent with this Opinion and Order.  Plaintiffs may

file a motion for reasonable attorneys' fees and costs pursuant to a briefing schedule to be set by

Judge Willis.  After resolving any fees motion, the Court will render its final judgment.


       SO ORDERED.

Dated: March 27, 2025
      New York, New York

                                                    JOHN P. CRONAN
                                      United States District Judge