```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ANDREA PHILLIPS, et al.,                                               :
                                                                       :
                        Plaintiffs,                                    :
                                                                       :
        -v-                                                            :    23 Civ. 2140 (JPC)
                                                                       :
MELISSA AVILES-RAMOS and NEW YORK CITY                                 :        ORDER
DEPARTMENT OF EDUCATION,                                               :
                                                                       :
                        Defendants.                                    :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On March 27, 2025, the Court issued an Opinion and Order, which partially adopted the Report and Recommendation of the Honorable Jennifer E. Willis. *Phillips v. Aviles-Ramos*, No. 23 Civ. 2140 (JPC), 2025 WL 934342 (S.D.N.Y. Mar. 27, 2025). As relevant here, the Court granted Defendants summary judgment as to Plaintiffs' claim for L.S.'s transportation costs, concluding that the claim was not ripe because L.S.'s parents were awarded reimbursement of those costs and had not yet provided Defendants with any documentation evidencing any payments made for that transportation. *Id.* at *8. Although Plaintiffs argued that the Court should "modify" or "amend" the impartial hearing officer's ("IHO") Finding of Facts and Decision ("FOFD") to provide for direct payment of L.S.'s transportation costs instead of reimbursement, the Court concluded that it lacked authority to modify the FOFD because L.S.'s parents did not appeal the FOFD to a State Review Officer ("SRO"), and thus failed to exhaust their administrative remedies. *Id.* at *7-9. On April 24, 2025, Plaintiff Maria Hidalgo, L.S.'s parent, moved the Court to reconsider this aspect of its prior decision. Dkt. 78 ("Motion"). Defendants opposed the motion on May 5, 2025. Dkt. 77. For the following reasons, the motion is denied.

Local Civil Rule 6.3 instructs that, in seeking reconsideration of a court order denying a motion, the movant must "set[] forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." S.D.N.Y. Loc. Civ. R. 6.3. "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted); *accord Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012); *see Cohen v. Jamison*, No. 23 Civ. 1304 (LTS), 2023 WL 3412762, at *2 (S.D.N.Y. May 12, 2023) (explaining that reconsideration is warranted if a movant demonstrates "that the Court overlooked controlling law or factual matters that had been previously put before it" (internal quotation marks omitted)). The standard for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see Iowa Pub. Emps. Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 462 (S.D.N.Y. 2013) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." (internal quotation marks omitted)), *aff'd*, 558 F. App'x 138 (2d Cir. 2014). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Hidalgo makes two main arguments in seeking reconsideration. First, Hidalgo argues that she need not have—indeed *could not* have—appealed the FOFD to an SRO before bringing this suit because she was not "aggrieved" by the FOFD within the meaning of federal or state law. Motion at 4-7. Federal law requires "any party aggrieved by the findings and decision" of an IHO

to be able to "appeal such findings and decision to the State educational agency." 20 U.S.C. § 1415(g)(1). To comply with that requirement, New York allows "[a]ny party aggrieved by the findings of fact and the decisions of an impartial hearing officer" to "appeal to a State review officer of the State Education Department." 8 N.Y.C.R.R. § 200.5(k)(1). "Generally, the party who has successfully obtained a judgment or order in his favor is not aggrieved by it, and, consequently, has no need and, in fact, no right to appeal." *Parochial Bus Sys., Inc. v. Bd. of Educ.*, 458 N.E.2d 1241, 1243 (N.Y. 1983). In other words, when parties "receive[] precisely the relief they sought from the hearing officer," they are not aggrieved and thus have "neither the responsibility nor the right to appeal the favorable decision." *Antkowiak ex rel. Antkowiak v. Ambach*, 838 F.2d 635, 641 (2d Cir. 1988) (internal quotation marks omitted).

The IDEA's administrative exhaustion requirement applies differently depending on whether a party was aggrieved by the FOFD. In general, "[i]t is well settled that the IDEA requires an *aggrieved* party to exhaust all administrative remedies before bringing a civil action in federal or state court." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112 (2d Cir. 2004) (emphasis added). But "if a plaintiff raises an issue in the due process complaint and is not 'aggrieved' on [that] issue following the IHO decision, the failure to raise [the] issue on appeal to the SRO does not constitute waiver before the district court." *Phillips v. Banks*, 656 F. Supp. 3d 469, 483 (S.D.N.Y. 2023), *aff'd*, No. 23-362, 2024 WL 1208954 (2d Cir. Mar. 21, 2024). Hidalgo claims that she "received precisely the relief she was looking for" because she "prevail[ed] on all three prongs of the *Burlington/Carter* test." Motion at 6-7. She is wrong. Prevailing on legal theories before the IHO does not negate a party's aggrievement when the relief granted falls short of what the party requested. Before the IHO, Hidalgo sought *direct payment* of her daughter's transportation costs to and from iBrain for the 2020 to 2021 school year. Dkt. 9-2 ("L.S. FOFD") at 3. The IHO did not grant this requested relief, instead ordering the school district to *reimburse*

3

Hidalgo for the transportation costs. *Id.* at 8. Clearly, then, Hidalgo did not receive "*precisely* the relief [she] sought from the hearing officer." *Antkowiak*, 838 F.2d at 641 (emphasis added). She was therefore "aggrieved" by the FOFD and was obligated to appeal it to an SRO before requesting that a district court modify the order. As the Court concluded in its prior Opinion, because Hidalgo failed to exhaust her administrative remedies, the Court cannot now modify or amend the FOFD.[1] *See Phillips*, 2025 WL 934342, at *7-9.

Hidalgo cites two cases in support of this first argument: *Boffa v. Banks*, 764 F. Supp. 3d 120 (S.D.N.Y. 2025), and *F.B. v. New York City Department of Education*, 923 F. Supp. 2d 570 (S.D.N.Y. 2013). Motion at 5-6. Despite her characterizing these cases as "directly on point" and urging the Court to "adher[e] to controlling authority from the Second Circuit," neither case supports Hidalgo's position. In *Boffa*, the plaintiff "received precisely the relief she sought before the IHO—reimbursement for [the student's] placement at iBrain and four years of extended eligibility." 764 F. Supp. 3d at 128 n.4 (internal quotation marks omitted). Here, by contrast, Hidalgo requested direct payment for L.S.'s transportation costs but received reimbursement instead—a distinction with a difference, and one that was not present in *Boffa*. *F.B.* is even less relevant to Hidalgo's argument. In that case, the court concluded that "an IHO's failure to decide an issue for or against a party does not 'aggrieve' that party in the ordinary sense of that word." *F.B.*, 923 F. Supp. 2d at 588 (emphasis and internal quotation marks omitted).[2] True. But the IHO

---

[1] As the Court also noted in its prior Opinion, "Plaintiffs bring claims against the [Department of Education ('DOE')] only for its 'failure to *implement* the final administrative orders.' It is not clear how Plaintiffs can properly request *modification* of the FOFDs as part of a motion for summary judgment on claims that relate only to the DOE's *implementation* of the FOFDs." *Phillips*, 2025 WL 934342, at *8 n.9 (citation omitted). Hidalgo does not address this puzzle on reconsideration, either.

[2] In *F.B.*, the parents argued before the IHO that their child had been denied a free appropriate public education ("FAPE") in twelve ways. 923 F. Supp. 2d at 575. The IHO addressed three of those twelve, agreed with the parents, and granted them exactly the relief they sought. *Id.* at 575, 587-88. The IHO's failure to address the other ways in which the child supposedly had been denied a FAPE did not preclude the parents from making those arguments in

4

here did not fail to decide the reimbursement-versus-direct-payment issue—he decided it in a way contrary to Hidalgo's wishes. Hidalgo, therefore, was aggrieved by the decision and must have appealed it to an SRO before challenging it in federal court.

A more "on point" example comes from V.G.—another student-Plaintiff in this case. The IHO there concluded that all three prongs of the *Burlington/Carter* test were met for the period of time during the 2022-2023 school year after October 12, 2022, and awarded V.G.'s mother reimbursement of tuition and related services for that time period. Dkt. 54-1 ("V.G. FOFD") at 14-21. Under Hidalgo's theory, V.G.'s mother could not have challenged this grant of relief to an SRO because, "in every sense of the word, [the parent] was not an 'aggrieved party' when she prevailed on the three critical components of the *Burlington/Carter* test." Motion at 7. V.G.'s mother, however, was unhappy with the award of reimbursement—she too had requested direct payment, *see* V.G. FOFD at 4—and so she appealed to an SRO, "argu[ing] that the IHO erred in ordering tuition reimbursement, rather than ordering direct payment for the student's attendance at iBrain." Dkt. 9-8 (V.G. SRO Decision) at 6. Neither V.G.'s mother nor the school district argued on appeal that the three *Burlington/Carter* prongs had not been met after October 12, 2022. *Id.* at 7. Agreeing with V.G.'s mother, the SRO modified the IHO's decision "to award the parent direct payment" instead of reimbursement. *Id.* at 10. Why Hidalgo failed to appeal the FOFD in this case—as V.G.'s mother successfully did in hers—remains a mystery.[3] What is not a mystery, however, is that the failure to appeal means that Hidalgo cannot now challenge the IHO's decision in federal court.

---

federal court—the parents could not have appealed those issues to the SRO because the IHO had not decided them. *Id.* at 587-88.

[3] This is especially perplexing given that Hidalgo's counsel and V.G.'s mother's counsel in the administrative proceedings appear to have hailed from the same law firm.

5

Hidalgo's second argument on reconsideration is that the FOFD was "ambiguous" and so she should not have been required to appeal it to an SRO. Motion at 7-11.[4] To start, the language in the FOFD contains no ambiguity. The IHO ordered the following relief:

> 1. The District shall pay the Student's 2020-2021 school year tuition, together with the cost of the related services, *either by reimbursement* to the Parents within 30 days of proof of payment *or by direct payment* to the school.
>
> 2. The District shall *reimburse* the Parents for the costs of the Student's special transportation for the 2020-2021 school year.

L.S. FOFD at 8 (emphases added). These two provisions reflect a straightforward and purposeful distinction: the IHO ordered payment for tuition either by direct payment or by reimbursement, but ordered only reimbursement as to the transportation costs. That the IHO distinguished between the two remedies shows that he understood the difference and applied each where he saw fit. The Court presumes that administrative officers like the IHO choose their words with care and mean what they say. There is no reasonable interpretation of the FOFD under which the transportation award can be recharacterized as allowing the school district either to reimburse the parents or to pay the school directly. Were that to be the case, the IHO's explicit grant of discretion to the school district with respect to the tuition payment for L.S. would be rendered meaningless.

Hidalgo goes on to argue that the FOFD was ambiguous because "it [is] not at all a settled question in this jurisdiction" as to "whether a finding of inability to pay is necessary to impose direct payment as a remedy." Motion at 7-8 (internal quotation marks omitted). The problem for Hidalgo is that the FOFD did not even discuss the possibility of imposing a financial hardship requirement, let alone actually impose one on Hidalgo. *See generally* L.S. FOFD. Indeed, the IHO awarded Hidalgo direct payment as a remedy—without addressing any financial hardship

---

[4] Hidalgo relies on reasoning that she concedes "the U.S. Supreme Court [has] rejected" to argue that an ambiguous administrative order need not be appealed. Motion at 10-11. The Court does not address this dubious argument because, as explained herein, L.S.'s FOFD is in no way ambiguous.

6

requirement—just not as to the transportation costs.  *Id.* at 8.  It is not clear how or why disagreement among courts about a financial hardship requirement can create ambiguity in an FOFD that has nothing to do with that issue.

In support of this ambiguity argument, Hidalgo cites three cases in which "parents seeking direct payment to iBRAIN have achieved that result in spite of 'reimbursement' language in the applicable administrative orders."  Motion at 9 (first citing *Maysonet v. N.Y.C. Dep't of Educ.*, No. 22 Civ. 1685 (LGS), 2023 WL 2537851 (S.D.N.Y. Mar. 16, 2023); then citing *Cohen v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 6260 (MKV), 2023 WL 6258147 (S.D.N.Y. Sept. 26, 2023); and then citing *Mondano v. Banks*, No. 22 Civ. 7519 (JPC), 2024 WL 1363583 (S.D.N.Y. Mar. 30, 2024)).  This is correct, but irrelevant.  Like with Hidalgo here, in all three of those cases, the parent was awarded reimbursement of costs, instead of direct payment, during the administrative proceedings.  *See Maysonet*, 2023 WL 2537851, at *3; *Cohen*, 2023 WL 6258147, at *2; *Mondano*, 2024 WL 1363583, at *6.  None of those cases, however, had the same exhaustion problems that are at issue here.  In one case, the parent was appealing an IHO's pendency order—an established exception to the exhaustion requirement that is not present in this case.  *See Mondano*, 2024 WL 1363583, at *3; *see also Phillips*, 2025 WL 934342, at *8 n.8 ("Plaintiffs here seek review of FOFDs, not pendency determinations, so the justification for an exhaustion exception that was relevant in *Mondano* does not apply here.").  In the other two cases, the dissatisfied parent had appealed the FOFD to an SRO, and then challenged the SRO's decision in a federal court, which then awarded the parent direct payment.  *See Maysonet*, 2023 WL 2537851, at *2-3; *Cohen*, 2023 WL 6258147, at *2.  In other words, in those two cases a district court was able to modify the FOFD to provide for direct payment instead of reimbursement—what Hidalgo asks this Court to do—because those parents had exhausted their administrative remedies—something that Hidalgo has failed to do.  As

7

explained in the Court's prior Opinion, absent such exhaustion, the Court is powerless to modify the FOFD.  *See Phillips*, 2025 WL 934342, at *7-9.

Hidalgo finally resorts to generalized policy arguments, claiming that the Court's conclusion "would result in manifest injustice" and "would allow the DOE to 'game the system' by waiting to dispute various different aspects of an FOFD until after the time for an appeal had expired."  Motion at 11-12.  As the Court explained in its prior Opinion, "[a]n appeal to an SRO, however, is the normal course of events for a parent unsatisfied with an FOFD," *Phillips*, 2025 WL 934342, at *9 n.11, and the DOE's implementation of the unambiguous language in L.S.'s FOFD can in no way be described as "gaming the system."

Hidalgo's motion for reconsideration is denied.  The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 77.

SO ORDERED.

Dated: May 29, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge